IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHRISTINE ROSINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 123-031 |
| | ) |
| MARTIN O'MALLEY, Commissioner of | ) |
| Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff appeals the decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff applied for DIB on November 8, 2019, alleging a disability onset date of November 2, 2018. Tr. ("R."), pp. 17, 231-32. She later amended her alleged onset date to September 30, 2016. R. 26, 36. Plaintiff originally applied for benefits due to arthritis, spine

---

[1]Pursuant to Rule 25(d), the Court **DIRECTS** the **CLERK** to substitute Martin O'Malley, Commissioner of Social Security Administration, as the proper Defendant.

degeneration, and numbness in her right arm and fingers. R. 265. She later testified to the Administrative Law Judge ("ALJ") that the following conditions were keeping her from working: worsening osteoarthritis, vertigo, carpal tunnel syndrome, a past broken left ankle and injured left thumb, loose bowels, urinary incontinence, anxiety, and insomnia. R. 22, 40-44. Plaintiff earned a General Education Diploma in the 1980s, (R. 257), and prior to her alleged amended disability date, at which time she was fifty-seven years old, (R. 252), had past relevant work as an administrative assistant. R. 257. Plaintiff met the insured status requirements of the Social Security Act for DIB through December 31, 2021. R. 19, 105.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 104, 127. Plaintiff requested a hearing before an ALJ, (R. 142-43), and the ALJ held a telephone hearing on August 2, 2022. R. 17, 30. Represented by counsel, Plaintiff appeared and testified, as did a vocational expert ("VE"). R. 30-63. On August 22, 2022, the ALJ issued a decision finding Plaintiff not disabled.

> Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:
>
> 1. The claimant did not engage in substantial gainful activity since her alleged onset date of September 30, 2016 through her date last insured of December 31, 2021 (C.F.R. § 404.1571 *et seq.*).
>
> 2. The claimant had the following severe impairments through the date last insured: degenerative disc disease, osteoarthritis, and carpal tunnel syndrome (20 C.F.R. § 404.1520(c)).
>
> 3. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> 4. Through the date last insured, the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.

§ 404.1567(b)[2] with the following specific limitations. The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently; she [can] stand and/or walk more than six hours in and eight-hour workday and sit more than six hours in an eight-hour workday; she can push and/or pull frequently with the bilateral upper extremities; she can never climb ladders, ropes, and scaffolds; she can frequently kneel and occasionally crawl; she can frequently reach overhead with the bilateral upper extremities; and she should avoid concentrated exposure to extreme cold, vibration, and hazards, such as machinery and heights. The claimant is capable of performing past relevant work as an administrative assistant and receptionist. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 404.1565).

R. 19-24.

Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from September 30, 2016, the amended alleged onset date, through December 31, 2021, the date last insured. R. 25. When the Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ incorrectly

---

[2]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

formulated her RFC.  In particular, Plaintiff argues the ALJ improperly evaluated medical evidence and Plaintiff's own testimony about her subjective symptoms, and those errors spilled over into the presentation of a deficient hypothetical to the VE, a hypothetical upon which the ALJ relied to determine Plaintiff could perform her past relevant work.  See Pl.'s Br., doc. no. 10.  The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed.  See Comm'r's Br., doc. no. 13.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the

4

Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff argues the ALJ erred in formulating her RFC in multiple ways, which then caused an improper hypothetical to be presented to the VE and resulted in an incorrect conclusion that Plaintiff could perform her past relevant work. (Doc. no. 10, pp. 10-19.) The Court agrees the case should be remanded because the ALJ failed to adequately address Plaintiff's subjective complaints when formulating the RFC and presenting a hypothetical to the VE.

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her

5

impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

An ALJ must also consider all of a claimant's impairments, severe and non-severe, in combination. Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."). As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit

6

> an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant. Id.

### B. Evaluating Subjective Complaints

As part of formulating the RFC, the ALJ must evaluate a claimant's subjective complaints, for which the Eleventh Circuit has established a three-part standard of evaluation. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).

In doing so, the ALJ is not judging a claimant's credibility or character for truthfulness, but rather "whether the 'individual's statements about the intensity, persistence, and limiting

7

effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1308 (11th Cir. 2018) (quoting SSR 16-3p, 2016 WL 1020935, at *14170 (orig. publ. Mar. 16, 2016)).  Social Security Ruling 16-3p, clarifies "that subjective symptom evaluation is not an examination of an individual's character . . . [but rather is an evaluation of] the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . ."  SSR 16-3p, 2016 WL 1020935, at *14167.

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3]  As courts within this Circuit have explained,

> SSR 16–3p also expressly provides that the ALJ may not make conclusory statements about having considered the symptoms, or merely recite the factors described in the regulations.  Rather, the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent, and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Ring v. Berryhill, 241 F. Supp.3d 1235, 1251 (N.D. Ala. 2017), *aff'd sub nom*. Ring v. Soc. Sec. Admin., Comm'r, 728 F. App'x 966 (11th Cir. 2018) (*per curiam*); see also Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) ("Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection. . . .")  When reviewing the ALJ's credibility determination, "[t]he

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (*per curiam*).

### C.     The ALJ Erred in Considering Plaintiff's Subjective Complaints When Formulating the RFC

While determining the extent of Plaintiff's functional limitations to craft an RFC, the ALJ described Plaintiff's self-reported symptoms that contributed to her inability to work, which in addition to the conditions listed on her original DIB application and severe impairments identified at step two of the sequential process, included:  (1) vertigo; (2) loose bowel movements; (3) urinary incontinence; and (4) an ability to stand only twenty minutes before she has to sit, an ability to sit for only two hours at a time, and a need to elevate her legs to relieve swelling.  R. 22; see also R. 40, 43, 46, 53.  The ALJ stated Plaintiff's medically determinable impairments could be reasonably expected to cause the alleged symptoms, but her statements about the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical and other evidence in the record for the reasons explained in the decision.[4]  R. 22.  Notably, however, after identifying Plaintiff's vertigo, loose bowel movements, and urinary incontinence, the ALJ's decision does not further discuss or provide any analysis of these complaints.  Likewise, the Commissioner's brief does not address any of these three topics in his argument regarding the ALJ's consideration of Plaintiff's subjective complaints or the related

---

[4]The Court notes this conflicts with the statement in the record from Exhibit B5A (R. 118) - upon which the ALJ relied in presenting the hypothetical to the VE (R. 50) - which states the objective medical evidence alone substantiates the claims about intensity, persistence, and functionally limiting effects as stated by Plaintiff.  While the ALJ discussed his reasons for discounting some of Plaintiff's subjective complaints, this statement in Exhibit B5A only serves to highlight the problem discussed herein about failing to discuss Plaintiff's vertigo and need for emergency access to a bathroom.

formulation of Plaintiff's RFC.  (See doc. no. 13.)  The lack of any mention of these problems is particularly troublesome, for example, in light of Plaintiff's testimony she would need special accommodation for her loose bowels and incontinence because she cannot predict when she would need access to a bathroom.  R. 43, 53.

Moreover, the parties' briefing addresses the issue of Plaintiff's subjective complaints as one of whether the ALJ adequately explained the reasons for discounting certain subjective complaints.  However, a careful reading of the hypothetical presented to the VE suggests the ALJ fully believed Plaintiff had, among other characteristics, urinary incontinence and irritable bowel syndrome, two conditions obviously requiring frequent and unscheduled bathroom breaks.  Yet the RFC limitations fail to account for either condition.

> Thank you.  Let's see, I'm going to ask you some hypothetical questions and they're all going to be - - they're all not going to be about claimant necessarily.  But they are all going to have the same age, education, and past relevant work experience.  And they're all going to have the same impairments, that is to say, osteoarthritis, particularly in the - - both upper extremities and the cervical spine, vertigo, carpal tunnel syndrome, both wrists, fractured ankle in the left - - let's see, injury of the left thumb, irritable bowel syndrome and urinary incontinence and situations anxiety and with situational insomnia.

R. 58.

The first hypothetical simply cited an RFC for a person who can stand and/or walk, as well as sit, with "normal breaks" for a total of more than six hours per day, per eight-hour workday.  (R. 58-59).  There is no explanation about what constitutes "normal breaks" in an eight-hour work day, let alone how these non-descript breaks account for urgent, unexpected need to access a bathroom.  See McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (explaining underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics); see also Barchard v.

Comm'r of Soc. Sec., 628 F. App'x 685, 687 (11th Cir. 2015) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question [to the VE] that accounts for all of the claimant's impairments." (citation omitted)).

In the second hypothetical, the ALJ presented an individual who could not perform a job for a full eight-hour day because of "painful fingers and continuing urinary incontinence," but the VE's response focused only on the need to elevate Plaintiff's lower extremities. R. 60-61. There was no discussion of any particular limitation based on vertigo and/or the need for emergency access to a restroom and the time away from work caused by multiple breaks related to the same. Thus, it is unclear whether all of Plaintiff's impairments – both severe and non-severe – were considered in combination. See Heatly, 382 F. App'x at 825; 20 C.F.R. § 404.1545(a)(2)).

In addition, the ALJ's discussion of Plaintiff's subjective symptoms is completely devoid of any recognition that Plaintiff repeatedly testified she lost her insurance when she moved to Georgia and therefore had restricted access to treatment. R. 42, 54, 57. The ALJ repeatedly noted as a discounting factor of severity that Plaintiff had not obtained treatment for some of the other impairments she claimed restricted her from working: not taking Xanax or other medication for anxiety, (R. 20), no surgery for carpal tunnel syndrome, (R. 22), and lack of mental health specific treatment, (R. 24). Plaintiff also testified that she had been receiving treatment for her vertigo but once she moved, she had no insurance to continue. R. 40-41. As noted in Plaintiff's briefing, (doc. no. 10, p. 5), Plaintiff's treatment options were basically limited to over-the-counter drugs when she lost her Medicaid coverage when she moved to Georgia in 2017. It is well-settled that poverty may excuse failure to comply with treatment. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003). "[T]he ALJ may not draw any

inferences about an individual's symptoms and their functional effects from a failure to seek or pursue medical treatment without first considering any explanation that might explain the failure to seek or pursue treatment," and the ALJ "must consider evidence showing that the claimant is unable to afford medical care before denying" benefits based on non-compliance with such care. Beegle v. Soc. Sec. Admin., Comm'r, 482 F. App'x 483, 487 (11th Cir. 2012) (*per curiam*); see also Brown v. Comm'r of Soc. Sec., 425 F. Appx 813, 817 (11th Cir. 2011) (*per curiam*) ("[T]he ALJ may not draw an adverse inference from a claimant' lack of medical treatment without first considering the claimant's explanation for [her] failure to seek treatment." (citation omitted)).

In sum, the ALJ erred in considering Plaintiff's subjective complaints when formulating the RFC. Indeed, the Commissioner acknowledges, "Plaintiff's arguments largely hinge on her subjective complaints. . . ." (Doc. no. 13, p. 16.) However, the Court does not agree with the Commissioner's conclusion that the "ALJ *did* discuss and analyze Plaintiff's subjective complaints in detail." (Id. at 17 (emphasis in original).) Rather, as set forth above, the ALJ *did not* discuss and analyze multiple subjective complaints he identified as raised by Plaintiff. There is no clear articulation of how all of Plaintiff's symptoms were evaluated. See Ring, 241 F. Supp.3d at 1251; Dyer, 395 F.3d at 1210-11. Adding to the confusion, as discussed above, the ALJ's preamble to the hypothetical recounting the RFC suggests the ALJ fully believed Plaintiff suffered from two conditions requiring unscheduled and frequent bathroom breaks, but no associated limitations were included in the RFC. Accordingly, remand is warranted.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application. Indeed, the Court

12

cannot now engage in an administrative review that was not done in the first instance by the Commissioner. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). However, for the reasons set forth above, the Court cannot affirm the administrative decision as supported by substantial evidence. As such, remand is warranted. The Court need not address Plaintiff's remaining contention(s), including any alleged error regarding the Medical Vocational Guidelines ("the Grids").[5] See Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on two of four issues but instructing reconsideration of applications on remand based entire record); Demenech v. Sec'y of Dep't of Health and Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (*per curiam*) (declining to address all issues where case due to be remanded on dispositive issue identified and discussed in detail).

---

[5]In any event, the Court notes Plaintiff's argument about application of the Grids is premature, (doc. no. 10, p. 12), because the Grids are used at the fifth step of the sequential evaluation process. See Phillips, 357 F.3d at 1239-40; 20 C.F.R. § 404.1569 (explaining application of Grids at fifth step). Here, the sequential evaluation process stopped at the fourth step when the ALJ determined Plaintiff could perform her past relevant work. Thus, the ALJ never had occasion to consider the Grids.

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 26th day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA